UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>Plaintiff,<br><br>v.<br><br>MULE CREEK STATE PRISON MEDICAL DEPARMENT, et al.,<br><br>Defendants. | No.  2:21-cv-02171-CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No. 2.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Examination of the complaint and review of the court's dockets reveal that plaintiff's complaint contains allegations that are identical to, and therefore duplicative of, claims raised in the complaint filed on October 29, 2021, in Miller v. Mule Creek Medical Staff, et al., No. 2:21-cv-2002-JAM-DMC-P (E.D. Cal.).[1]  Plaintiff filed the instant complaint less than a month later.

"A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e).  Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995)

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

1  (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising
2  from the same series of events and alleging many of the same facts as an earlier suit" may be
3  dismissed as frivolous or malicious under section 1915(e).  See Bailey, 846 F.2d at 1021.  The
4  court finds that plaintiff's complaint is duplicative of that filed in Miller v. Mule Creek Medical
5  Staff, et al., No. 2:21-cv-2002-JAM-DMC-P (E.D. Cal.)., because it repeats the same allegations
6  against the same defendants.  The only difference is the addition of two pages of exhibits in this
7  case.

8      Even though the earlier filed action has been dismissed at this juncture, it was dismissed
9  without prejudice to refiling upon plaintiff's payment of the filing fees.  See ECF No. 11 in Miller
10 v. Mule Creek Medical Staff, et al., No. 2:21-cv-2002-JAM-DMC-P (E.D. Cal. February 14,
11 2022).  Moreover, this action was filed prior to the Findings and Recommendations to dismiss
12 Case No. 2:21-cv-2002-JAM-DMC-P without prejudice.[2]  Therefore, it does not appear to the
13 court that plaintiff was attempting to evade the payment of filing fees by filing this separate
14 action.  The undersigned recommends dismissing this complaint without leave to amend based on
15 the duplicative nature of plaintiff's claims.

16     Accordingly, IT IS HEREBY ORDERED that:
17     1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied as unnecessary.
18     2.  The Clerk of Court randomly assign this matter to a district court judge.
19     IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice as
20 duplicative.

21     These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
23 after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[2] A review of the docket in Case No. 2:21-cv-2002-JAM-DMC-P indicates that plaintiff's copy of the final order adopting these Findings and Recommendations was returned in the mail as undeliverable.  However, the final order and judgment was re-served on plaintiff at her new address of record on February 24, 2022.  Therefore, if plaintiff chooses to pay the filing fee for this case, the appropriate procedural pathway for reopening the matter would be a motion to reconsider the final judgment.

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 22, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mill2171.F&R.duplicative.docx